UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRAVIS RUTLEDGE,

Plaintiff,

v.

LASSEN COUNTY JAIL, et al.,

Defendants.

No. 2:18-cv-1091-EFB P

ORDER

Plaintiff is a county inmate proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. ECF No. 1. He has filed an application to proceed in forma pauperis (ECF Nos. 2, 6), and a request for an investigator, a polygraph test, and an order for production of an inmate roster (ECF No. 7).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1), and accordingly, plaintiff's request to proceed in forma pauperis is granted.

### Screening

#### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. Analysis

Plaintiff's complaint is deficient for several reasons.[1] First, his allegations are factually vague and he fails to identify any specific wrongdoing attributable to each named defendant.[2]

---

[1] As a result, it will be dismissed and the request for an inmate roster, an investigator, and a polygraph test (ECF No. 7) will be denied.

[2] The court also notes that plaintiff's allegations regarding prisoner "torture" border on the fantastic or delusional. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (holding that section 1915(d) authorizes dismissal of "claims describing fantastic or delusional scenarios . . . ."). Given the lack of factual context in the current complaint, the court will not deem plaintiff's claims fanciful at this time.

Plaintiff alleges that staff at the Lassen County Jail[3] are "torturing" prisoners by continuously broadcasting an unspecified recording over loudspeakers. ECF No. 1 at 3. He makes no allegation as to the contents of this recording, which officials were directly responsible for disseminating it, or how he was actually harmed by it. Plaintiff also claims that unidentified prison staff are pumping "some type of gas" into the prison air ducts. *Id.* Again, plaintiff fails to allege which staff were responsible or how (if at all) he was adversely affected by the "gas." Finally, plaintiff alleges that unidentified staff members threatened that he "would be tortured forever" if he did not provide them with "E." *Id.* This claim fails for the same reasons identified *supra*.

Second, plaintiff has attempted to join two unrelated claims, namely the foregoing claim regarding inmate "torture" and a claim alleging that prison staff have discriminated against him on the basis of his religion. *Id.* at 5. He claims that he is a "follower of Lucifer" and that unidentified staff have urged him to "pray or change [his] religious beliefs." *Id.* This claim, in addition to being unrelated[4] to the first, also fails on its own merits. The Ninth Circuit has held that, in order to stake a successful claim under the Establishment Clause, a claimant must allege facts tending to show that a defendants' actions "constituted government endorsement or sponsorship of religion." *Canell v. Lightner*, 143 F.3d 1210, 1214 (9th Cir. 1998). In *Canell*, the court rejected a prisoner's claim that a prison guard's preaching and endorsement of Christianity

---

[3] Plaintiff cannot maintain a claim against the county jail itself. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983.").

[4] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

violated the Establishment Clause insofar as: (1) there was no allegation that the guard was acting pursuant to any official policy or custom; (2) there was no indication that other staff condoned the guard's proselytizing; and (3) there was no allegation that the guard had the authority to make policy or that he was acting with government endorsement. *Id.* Plaintiff's allegations are similar to the circumstances in *Canell*. He claims that certain, unidentified staff have urged him to rethink his religious beliefs, but he does not allege that any were acting pursuant to an official custom or policy. This claim also fails under the Free Exercise Clause insofar as plaintiff does not allege that the defendants' exhortations constituted a substantial burden on his religious worship. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (burden must be substantial and interfere with a tenet or belief that is central to religious doctrine).

## Leave to Amend

Plaintiff will be given one opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as noted above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order;

3. Plaintiff's request for an inmate roster, an investigator, and a polygraph test (ECF No. 7) is denied; and

4. Failure to comply with any part of this order may result in dismissal of this action.

DATED: July 17, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE